IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA**

vs.                                            Case No. 4:95cr4034-WS
                                                               Case No. 4:06cv18-WS/WCS

**ROBERT JUNIOR CLARK,**

     **Defendant.**
_____/

## REPORT AND RECOMMENDATION TO DISMISS PLEADING

This cause is before the court on Defendant's document titled "Jurisdiction of this Court is invoked at 4th, 5th, 6th, 8th, 13th and 14th Amendment of the [U]nited States Constitution.  STRUCTURAL ERROR, NOT HARMLESS."  Doc. 180.  Defendant claims that his conviction and sentence violate United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).  Defendant challenges the court's subject matter jurisdiction based on structural error and defects in the indictment.  For relief, Defendant

asks "that his indictment be dismissed for lack of Subject Matter Jurisdiction, that [the] Conviction and Sentence be Reversed, Dismissed."  Doc. 180, pp. 10-11.

Defendant filed a 28 U.S.C. § 2255 motion which was denied with prejudice, and a certificate of appealability was denied by this court and the court of appeals. Docs. 107, 122 (first and second report and recommendation),[1] 127 (order adopting recommendations), 128 (judgment), 139 and 147 (orders denying certificate of appealability).  Later motions were summarily dismissed.  *See* Docs. 150, 152, 164, 177.

The current pleading now before the court seeks relief available only under the plain language of 28 U.S.C. § 2255.[2]  It is essentially an unauthorized second or successive motion, and should be dismissed as authorization has not been granted by the court of appeals.  § 2255 (incorporating § 2244); *see also* Gonzalez v. Secretary for Dept. Of Corrections, 366 F.3d 1253, 1277, n. 10 (11th Cir. 2004) (en banc), *affirmed on other grounds* Gonzalez v. Crosby, 545 U.S. __, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005)

---

[1] The initial § 2255 motion (doc. 97) was filed before Apprendi was decided in June of 2000.  The second report and recommendation addressed, *inter alia*, Defendant's supplemental claim under Apprendi.  Doc. 122, pp. 1-6 (noting potential timeliness issues, finding the claim procedurally defaulted, that the default could not be excused due to ineffectiveness of counsel as there was no attorney error, and Defendant could not demonstrate actual innocence).  The Eleventh Circuit later held that Apprendi did not apply retroactively on collateral review.  McCoy v. United States, 266 F.3d 1245, 1256-58 (11th Cir. 2001).

[2] "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  § 2255 (first paragraph).

(Castro v. United States, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), limiting the district courts authority to recharacterize document as a first § 2255 motion, "does not extend beyond initial filings, and nothing the Supreme Court said or did in that case implies that the § 2244(b) restrictions can be evaded by the simple expedient of labeling second or successive filings to be something they are not."); *see also* Jackson v. Crosby, __ F.3d __, 2006 WL 237143 (11th Cir. February 2, 2006) at *3 and *5, n. 6 (noting that the Supreme Court did not disturb the full en banc decision in Gonzalez).

Authorization for filing a successive motion raising Booker has been denied in this circuit. In re Anderson, 396 F.3d 1336, at 1339 (11th Cir. 2005) (denying leave to file successive motion as the Supreme Court has not made Booker or Blakely retroactive on collateral review). *See also* Varela v. United States, 400 F.3d 864, 867 (11th Cir.), *cert. denied*, __ U.S. __, 126 S.Ct. 312 (2005) (Blakely and Booker do not apply retroactively on collateral review even when raised in initial § 2255 motion).

It is therefore respectfully **RECOMMENDED** that Defendant's motion, doc. 180, be **SUMMARILY DISMISSED** as an unauthorized second or successive § 2255 motion.

**IN CHAMBERS** at Tallahassee, Florida, on February 7, 2006.

 S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.